IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04 CR 682 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| MAURICE KENNETH MCKNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 12, 2005, the Court sentenced Maurice McKnight to eighty months of imprisonment and five years of supervised release. He now moves to correct his sentence pursuant to Federal Rule of Criminal Procedure ("Rule") 36. For the reasons set forth below, the Court construes the motion as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and dismisses it without prejudice.

### Facts

In August 2004, McKnight and others were arrested in Michigan for, among other things, conspiring to possess with intent to distribute narcotics throughout the Midwest. From August 11, 2004 through October 5, 2005, McKnight was released on bond by order of a Michigan District Court. (Def.'s Mot. Correct Sent. at 2-3.) On March 22, 2005, McKnight pleaded guilty to one count of conspiring to possess with the intent to distribute narcotics. (Plea Agreement ¶ 5.) On July 12, 2005, the Court sentenced McKnight to eighty months of imprisonment followed by a five-year period of supervised release. (*See* 7/29/05

Sentencing Order.) McKnight now contends that the thirteen-month period during which he was released on bond constituted a period of "constructive detention" for which he should receive credit.

## Discussion

Rule 36 permits the to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" at any time. Fed. R. Crim. P. 36. As used in the Rule, clerical error is one not of "judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Bennett*, 423 F.3d 271, 278 (3rd Cir. 2005) (internal quotation omitted). Clerical errors do not include "[sentencing] errors made by the court itself." *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (per curiam). McKnight contests a purported error of the Court, its failure to reduce his sentence for time served, not a clerical error. Thus his "claim for time served . . . is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36." *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989).

The statute McKnight's motion actually implicates is 18 U.S.C. § 3585. That section requires the government, in certain circumstances, to give a defendant credit for time served before his sentence began. 18 U.S.C. § 3583(b). However, the statute vests the U.S. Attorney General, not the courts, with the authority to determine whether a defendant is entitled to such credit. *United States v. Wilson*, 503 U.S. 329, 333 (1992). Thus, the Court has no power to adjust McKnight's sentence for time served.

Of course, the Court can review the Attorney General's determination via a writ of habeas corpus, *see United States v. Jones*, 34 F.3d 495, 499 (7th Cir. 1994), which is, in essence, what McKnight's motion is. But exhaustion of administrative remedies is a prerequisite to such a petition. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) ("[W]e review a claim concerning the computation of a sentence only after administrative remedies have been exhausted.") McKnight does not say that he submitted his request for time-served credit to the Attorney General. Therefore, his motion is premature and must be dismissed. *See United States v. Brumbaugh*, 909 F.2d 289, 290 (7th Cir. 1990) (holding that "the district court should not have addressed the merits [of the credit-for-time-served issue] because the defendant first must present his claim to the Attorney General through the Bureau of Prisons.").

## Conclusion

For the reasons stated above, petitioner Maurice Kenneth McKnight's motion to correct sentence [doc. no. 223] is dismissed without prejudice.

**SO ORDERED.** ENTERED: 11/03/06

HON. RONALD A. GUZMAN
United States District Judge

3